IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS VICARINI, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-22-1704 |
| WARDEN DARDEN, | * | |
| Respondent. | * | |

### MEMORANDUM

Louis Vicarini has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The respondent, the Warden of Eastern Correctional Institution, has filed a limited answer, arguing that the petition must be dismissed because it is a successive petition and Vicarini has failed to obtain permission to file from the United States Court of Appeals for the Fourth Circuit. ECF 7. The respondent also argues that the claim that was not ripe when Vicarini's first habeas petition was filed is not cognizable and Vicarini could not pursue it even if he dismissed his unauthorized claims. *Id.* No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Loc. R. 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed as successive. A certificate of appealability shall not issue.

I.   BACKGROUND

On December 5, 2019, Vicarini filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("2019 Petition"), challenged his 2016 convictions in the Circuit Court for Carroll County, Maryland for armed robbery and related offenses. ECF 1 in *Vicarini v.*

*Warden West*, Civ. No. ELH-19-3486 (D. Md.). Vicarini claimed the police violated his Fourth Amendment rights when they stopped the vehicle he was in without a reasonable, articulable suspicion and relied on "falsified facts" to justify the stop. *Id.* at 5. He also claimed that the trial court erred when it did not hold a *Franks* hearing that his attorney requested and instead allowed "the falsified evidence of officers . . . to be used against [him] without the ability to defend against it." *Id.* On March 11, 2021, the Court dismissed Vicarini's 2019 Petition with prejudice on the merits. ECF 7 & 8 in *Vicarini*, ELH-19-3486.

On July 11, 2022, Vicarini filed the pending petition for habeas corpus relief in this Court, again challenging the same 2016 convictions ("2022 Petition"). ECF 1. Vicarini asserts that: (1) he was denied the right to face his accuser because the trial court granted the prosecution's motion to suppress and, consequently, the officer who wrote the warrant did not appear at trial, (2) the police officer witnesses lied when they testified and his counsel could not impeach them because the court sustained the prosecutor's objections to defense counsel's questions, (3) the trial judge allowed Count 15, which had been dismissed, to go to the jury, and (4) the trial court failed to honor the state appellate court's order to hold a hearing on his motion to reopen his post-conviction petition. *Id.* at 5; *see* ECF 1-1.

II.     ANALYSIS

To file a second or successive habeas petition in this Court, Vicarini first must file a motion with the United States Court of Appeals for the Fourth Circuit asking for authorization. 28 U.S.C. § 2244(b)(3). Because Vicarini previously filed a habeas petition challenging the same

convictions and has not complied with this "gatekeeper" provision, his successive application for habeas corpus relief is dismissed pursuant to 28 U.S.C. § 2244(b)(3).[1]

The Court dismisses the entire petition, even though one claim was not ripe when Vicarini filed his first petition. Vicarini claims that the trial court failed to honor the state appellate court's March 29, 2021 order to hold a hearing on his motion to reopen his post-conviction petition. *See* ECF 1, at 5; ECF 1-1. His first petition was dismissed on March 11, 2021, before both the state appellate court's remand order and the state circuit court's alleged defiance of that order. Therefore, he could not have raised that claim previously. Nevertheless, the second or successive rule of § 2244(b) "applies to the habeas petition itself, not to the petition's individual claims." *In re Gray*, 850 F.3d 139, 141 (4th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 334–35 (2010)). Accordingly, "the jurisdictional effect of § 2244(b)(3) extends to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). The previously unripe claim that was not asserted in the 2019 Petition is dismissed.

Even if the Court considered the merits of that claim, it would not provide a basis for habeas relief. A habeas petitioner may challenge the legality of their detention resulting from the underlying state conviction, not from the state post-conviction collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Therefore, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *see Lawrence*, 517 U.S. at 717 ("[E]ven

---

[1] Vicarini must comply with the Fourth Circuit's procedural requirements and deadlines for filing a motion for an authorization order. Attached to this Order is a packet containing the Fourth Circuit's instructions on seeking authorization to file a successive habeas petition.

where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself."). Vicarini cannot challenge the state court's ruling from his post-conviction proceeding in the habeas petition he filed in this Court. Moreover, the state appellate court did not order the state circuit court to hold a hearing, as Vicarini claims. Rather, the Court of Special Appeals vacated the state court's January 7, 2021 judgment denying Vicarini's motion to reopen his post-conviction proceeding and remanded the case "to the circuit court with instructions to re-submit the motion to a judge other than the trial judge." ECF 1-3 (Order). Therefore, the claim regarding the state court's alleged failure to hold a hearing would not succeed even if the Court could hear it. *See Bryant*, 848 F.2d at 493.

### III. CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Vicarini has not demonstrated that a certificate of appealability should issue. Vicarini may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## IV. CONCLUSION

Vicarini's petition for writ of habeas corpus is dismissed as successive. The Court declines to issue a Certificate of Appealability. A separate Order follows.

May 21, 2025
Date

Deborah L. Boardman
United States District Judge